IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,
                         Plaintiffs

v.

ABDEN CORPORATION f/k/a
CHERRYTREE COMPANIES, INC. d/b/a
MACON GENERAL CONTRACTORS,
SELECT LEASING, INC., BENJAMIN O.
ENDRESS, KATHRYN E. ENDRESS and
ADAM T. ENDRESS,
                         Defendants.

Case No. 4:16-cv-04064-SLD-JEH

ORDER

Before the Court is the parties' Joint Stipulation of Dismissal, ECF No. 6.  For the following reasons, the request is DENIED.

Without argument or analysis, and without submission of their confidential settlement agreement to the Court, the parties have requested that the Court "retain jurisdiction to enforce the terms of the settlement agreement."  Joint Stip. 1.  Such a request must be filed with a memorandum of law justifying the request.  *See* C. D. Ill. L. R. 7.1(B)(1) ("Every motion raising a question of law . . . must include a memorandum of law including a brief statement of the specific points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed.").

I.       **Legal Standard on a Motion Requesting Retention of Federal Jurisdiction**

There are three common ways parties end the substantive litigation when a settlement is reached:  (1) notice or stipulation of dismissal; (2) Rule 68 offer and acceptance; or (3) proposed consent decree.

1

First, a plaintiff may file a notice of dismissal or the parties may file a stipulation of dismissal, which closes the case and requires no further action by the court. Fed. R. Civ. P. 41(a)(1)(A)(ii). Some parties ask the court to stay the case and file the dismissal once the settlement terms are fully performed. If the settlement is breached, the court may lift the stay and restart the litigation process. Others file the dismissal shortly after settlement is reached, fully aware that if one of the parties breaches it, the forum for that breach of contract dispute is state court (unless a new suit could be brought on the basis of diversity of citizenship or some other source of federal jurisdiction). *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 489 (7th Cir. 2002) ("A settlement agreement [absent additional measures] is enforced just like any other contract." (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380–81 (1994)). Ordinarily, parties who have settled and wish to dismiss the case with finality will do so, pursuant to Rule 41(a)(1)(A)(ii), by providing that the dismissal is with prejudice. *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1184 (7th Cir. 1985).

Second, parties may reach a settlement by way of Rule 68(a). Once an offer from the defending party is accepted and proof is filed on the docket, the clerk must enter judgment. Fed. R. Civ. P. 68(a). A plaintiff who intends to use the judgment to collect on a breach of the settlement may prefer this option. Additionally, a defendant may seek a satisfaction of judgment once the debt has been paid in full. Fed. R. Civ. P. 60(b)(5).

Lastly, the parties may enter into a settlement agreement, request the court to enter a "consent decree"—an injunction binding the parties pursuant to the requirements enunciated by Rule 65(d), and dismiss the case without prejudice. *Kokkonen*, 511 U.S. at 377–82. This procedure is necessary because federal courts are courts of limited jurisdiction, and cannot simply "retain jurisdiction" by a mere statement that they intend to enforce a settlement

agreement. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006) (holding that district court's order that it "retained jurisdiction" to enforce settlement agreement was ineffectual after a dismissal of the underlying claim because the order intended to bind the parties and thus was an injunction, but did not comply with Rule 65(d), "compliance with which would have made the continuance of federal jurisdiction clear[.]"). Rather, it is clear in the Seventh Circuit that a district court's order declaring an intent to retain jurisdiction over a case after the original case or controversy has been resolved in a dismissal or judgment must comply with rule 65(d); doing so permits the Court to act to enforce the settlement pursuant to its original source of jurisdiction. *See id.* at 638 ("Indeed, if the settlement had been entered as a consent decree, as it should have been, the original federal-question jurisdiction would have sufficed."); *Kokkonnen*, 467 F.3d at 377 ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree[.] (citations omitted)).

When utilizing this option, the parties' proposed consent decree must comply with the requirements for an injunction laid out in the Federal Rules. That is, the proposed order must: "(a) state the reasons why it [should be] issued; (b) state its terms specifically; and (c) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d). Once the decree is entered, the case may be dismissed by the parties pursuant to Rule 41(a)(1); alternatively, if the parties have moved for the Court's dismissal of the claims pursuant to Rule 41(a)(2), the decree may itself also dismiss the claims. *See Kokkonnen*, 511 U.S. at 381–82 (countenancing dismissal with jurisdiction retained at parties' request pursuant to either Rule 41(a)(1) or 41(a)(2)). Because the terms of the settlement have been drafted into a court order, the court may then enforce the settlement by way

of contempt proceedings (or whatever else the decree authorizes the court to do in light of a breach).

Background for this final method is helpful. As indicated above, federal courts have limited jurisdiction and cannot enforce settlement agreements after a case has been dismissed just because the parties agree to it. *Kokkonen*, 511 U.S. at 377. In *Kokkonen*, the parties reached a settlement and orally provided its terms to the district court before dismissing the case. The Supreme Court held its limited jurisdiction precluded it from enforcing the settlement.

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

*Kokkonen*, 511 U.S. at 381.

In *Lynch, Inc. v. SamataMason Inc.*, the parties reached an oral settlement in the judge's presence but later disagreed over its terms. On appeal, the Seventh Circuit held that a "settlement agreement, unless it is embodied in a consent decree or some other judicial order … is enforced just like any other contract." *Lynch*, 279 F.3d at 489 (citing *Kokkonen*, 511 U.S. at 380–81). Similarly, in *Shapo v. Engle*, 463 F.3d 641, 643 (7th Cir. 2006), the court sought to retain jurisdiction to enforce a settlement agreement after dismissing the case with prejudice. The Seventh Circuit reiterated its *Lynch* holding, stating that "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction . . . . (An exception is the inherent power of a court that has issued an injunction, even if that injunction ended the lawsuit, to enforce it, as by contempt proceedings.)"

**II.     Analysis**

Entry of voluntary dismissal under Rule 41(a)(1)(A) may be effected without the Court's order, Fed. R. Civ. P. 41(a)(1)(A); however,  in this case, the parties have proposed that the Court dismiss the case without prejudice and "retain jurisdiction to enforce the terms of the confidential settlement agreement."  Proposed Order, ECF No. 6-1.  This Court may not retain jurisdiction to enforce the agreement once the suit has been dismissed, even when the dismissal is without prejudice, simply on the basis of the parties' request. *See Kokkonen*, 511 U.S. at 377–78 ("Neither [FRCP 41(a)(1)(A)(ii)] nor any provision of law provides for jurisdiction of the court over disputes arising out of an agreement that produces the stipulation.").

The parties have filed a stipulation of dismissal that is technically effective for the purposes of dismissing the suit without prejudice, Joint Stip. 1, but not for the purpose of retaining jurisdiction to enforce the confidential settlement agreement.  In consideration of the parties' desired outcome, and in the interest of clarity for the parties and the Court, the Court requests that the parties resubmit their motion in compliance with one of the following options:

First, the parties can reiterate their choice to stipulate to dismissal with the understanding that a violation of the terms of the agreement can be addressed only in a separate suit.  The parties will be free to litigate future violations of their agreement in state court, or re-file a future suit in federal court, if there exists an independent basis for a federal court to exert jurisdiction. *See Lynch*, 279 F.3d at 489.  If the parties choose this course of action, they must submit an amended proposed order striking the language in Paragraph 2 of the current proposed order, which references the Court's retention of jurisdiction.  Proposed Order ("The Court shall retain jurisdiction to enforce the terms of the confidential settlement agreement entered into by the Parties dated on or about August 25, 2016.")

Second, the parties may choose to enter an offer of judgment pursuant to Rule 68(a), elucidating the "specified terms" of the offer and accrued costs, which must then be entered by the Court. Fed. R. Civ. P. 68(a).

Finally, if the parties do wish for the Court to retain jurisdiction to enforce the agreement, the Court gives leave for them to file a motion comporting with C.D. Ill. R. 7.1(B), stating the grounds on which the Court can maintain jurisdiction. Possible grounds for retention of jurisdiction may include the Court's issuance of an injunction that complies with Rule 65(d), or some other appropriate order. *Lynch*, 279 F.3d at 489.

The Court notes that it has no access to the terms of the purported settlement, because the parties have not provided any of the terms of the agreement to the Court. The parties mention in passing (actually, in their "proposed order") that the settlement is "confidential," but whatever may be the reason for its non-inclusion in the parties' filings, the Court will not retain jurisdiction to enforce a settlement agreement of which it is told nothing. Proposed Order. Seventh Circuit case law is clear that without incorporating the terms of the agreement into its order, this Court may not retain jurisdiction to enforce them. *See Blue Cross*, 467 F.3d at 638. Should the parties choose to forego the confidentiality of their agreement to pursue a consent decree, they should ensure that the terms of the agreement are submitted to the Court in compliance with Rule 65(d), as elucidated above.

## CONCLUSION

The parties' Joint Stipulation of Dismissal, ECF No. 6, is DENIED. The parties may choose to (1) stipulate to dismissal pursuant to FRCP 41(a)(1)(A)(ii) in compliance with this order, and seek to enforce any future breach of the settlement agreement in a separate court proceeding, (2) submit a proposed Consent Decree that complies with this order; or (3) utilize

Rule 68(a)'s offer and acceptance of judgment procedures.  New filings submitted in compliance with this order should be received by December 14, 2016.

Entered November 23, 2016

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
